UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| SHANNON BATES, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>COUNTY OF DEL NORTE,<br><br>　　　　Defendant. | Case No. 25-cv-02604-RMI<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. No. 27 |

Now pending before the court is the Motion to Dismiss the First Amended Complaint filed by Defendant County of Del Norte ("Defendant Del Norte" or "County"). (Dkt. 27.) Plaintiffs Shannon Bates ("Ms. Bates") and Grant Rickards ("Mr. Rickards") have responded. (Dkt. 28.) Defendant Del Norte filed its reply. (Dkt. 29.) For the reasons stated below, the motion to dismiss is GRANTED.

## BACKGROUND

Plaintiffs plead two causes of action in their First Amended Complaint ("FAC"): one claim asserting that the County violated California Government Code § 835 ("Claim-1"), under which a public entity is liable for injury caused by a dangerous condition; and one claim of negligence ("Claim-2") based on the County's alleged "failure to exercise reasonable care to protect others from foreseeable risks of harm." (FAC ¶ 50–59, Dkt. 23.) By way of relief, Plaintiffs seek compensatory damages, general and special damages, injunctive relief, and attorneys' fees and costs. (*Id.* at 13.)

Both claims are based on an alleged vehicular incident that occurred on September 3, 2022. (FAC ¶ 23.) Ms. Bates alleges that, as she was driving her vehicle past #511 Minot Creek Road in

1  Del Norte County, California, she realized that she was not on the correct road, but she could not
2  turn around because the road was "too narrow." (FAC ¶ 24.) She then attempted to reverse her car
3  back down the road. (*Id.*) While moving in reverse at a "very slow" rate, the pavement under the
4  rear driver-side tire "crumbled," sending the car sliding down a ten-foot embankment and into a
5  roll before it came to rest with the passenger side on the ground. (*Id.*) Mr. Rickards was a
6  passenger in the car during the incident. (FAC ¶ 23.) Both Plaintiffs sustained serious, life-altering
7  injuries because of the accident, and Ms. Bates's insurance company determined that the vehicle
8  was a total loss. (FAC at 5–10.)

9  Plaintiffs contacted county officials "[i]mmediately" after the accident to determine
10 responsibility for the roadway on which they had crashed, and the County's "agents and
11 employees affirmatively represented to Plaintiffs that the roadway was owned and maintained by
12 the [Yurok] Tribe, and that COUNTY had no responsibility." (FAC ¶ 9.) Plaintiffs then timely
13 filed their government tort claims on May 13, 2024, against the Yurok Tribe; the Bureau of Indian
14 Affairs and Department of Interior ultimately denied the claims on September 19, 2024. (FAC ¶¶
15 17–18.) Plaintiffs then filed this litigation against the Bureau of Indian Affairs on March 17, 2025.
16 (Compl., Dkt 1.) Plaintiffs allege that, "during this litigation," the federal government disclosed to
17 Plaintiffs a 2006 agreement that assigned to the County all road maintenance responsibilities for
18 the roadway at issue. (FAC ¶ 11.) Plaintiffs then filed an amended complaint naming the County
19 as defendant on October 8, 2025, (Dkt. 23); this Motion followed. (Dkt. 27.)

20 Defendant Del Norte has moved to dismiss the FAC pursuant to Rule 12(b)(6) for failure
21 to state a claim upon which relief can be granted. (Dkt. 27.) Defendant Del Norte argues that (1)
22 Plaintiffs fail to allege compliance with the claims-presentation requirements under the California
23 Government Claims Act ("CGCA"), thereby barring their causes of action; (2) Plaintiffs have not
24 properly pleaded the elements of estoppel; (3) estoppel, even if properly pleaded, does not excuse
25 noncompliance with the CGCA; (4) Plaintiffs' Claim-1 fails to plausibly allege the necessary
26 factual elements of a claim under California Government Code § 835; and (5) Plaintiffs' Claim-2
27 cannot be brought against the County of Del Norte under common-law negligence. (*Id.* at 4.)
28 By way of opposition, Plaintiffs contend that Defendant Del Norte's conduct—giving

inaccurate information to Plaintiffs—"directly caused Plaintiffs to (timely) file against the wrong Defendant and litigate against that Defendant beyond the claims deadline as against the County" and that estoppel is thus applicable. (Pl.'s Resp., Dkt. 28 at 3, 6.) They further argue that they have properly pled all elements of estoppel and all elements of a claim under California Government Code § 835, and that the "Common Law Negligence" title of Claim-2 is irrelevant because they properly pled the elements of a statutory negligence claim against the County. (*Id.* at 11–13.) Finally, they contend that any deficiencies in the FAC are curable and they should be given leave to amend. (*Id.* at 13–14.)

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) provides that a party may seek dismissal of a suit for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When deciding whether to grant a motion to dismiss, the court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

## DISCUSSION

*California Government Claims Act*

Defendant Del Norte first argues that the FAC should be dismissed because Plaintiffs have not complied with the California Government Claims Act regarding their claims against the County and did not adequately plead facts supporting an excuse of estoppel. (Dkt. 27 at 10–14.)

In California, with certain exceptions not applicable here, "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon. . . ." Cal. Gov't Code § 945.4; *see also Jefferson v. City of Fremont*, No. C-12-0926

3

1   EMC, 2013 WL 1747917, at *7 (N.D. Cal. Apr. 23, 2013) (discussing CGCA claims presentation

2   requirements). "The filing of a claim is a condition precedent to the maintenance of any cause of

3   action against the public entity and is therefore an *element* that a plaintiff is required to prove in

4   order to prevail." *DiCampli-Mintz v. Cnty. of Santa Clara,* 289 P.3d 884, 888 (Cal. 2012) (quoting

5   *Del Real v. City of Riverside*, 115 Cal. Rptr. 2d 705, 709 (2002)) (emphasis in original)). For

6   personal injury or property damage claims, plaintiffs must file an administrative claim form with

7   the relevant government entity "no more than six months after the cause of action accrues."

8   *Johnson v. Cnty. of Santa Clara*, No. 5:18-CV-06264-EJD, 2020 WL 870933, at *6 (N.D. Cal.

9   Feb. 21, 2020) (citing Cal. Gov't Code §§ 905, 911.2, 945.4, 950–950).

10   However, a plaintiff that has not complied with the claim presentation requirements may

11  still be granted relief where the public entity is equitably estopped from asserting plaintiff's

12  noncompliance as a defense. A party raising equitable estoppel against the government must first

13  "establish 'affirmative misconduct going beyond mere negligence,'" and "even then, 'estoppel

14  will only apply where the government's wrongful act will cause a serious injustice, and the

15  public's interest will not suffer undue damage by imposition of the liability.'" *Watkins v. U.S.

16  Army*, 875 F. 2d 699, 707 (9th Cir. 1989) (quoting *Wagner v. Dir., FEMA*, 847 F.2d 515, 519 (9th

17  Cir.1988)). "Affirmative misconduct does require an affirmative misrepresentation or affirmative

18  concealment of a material fact by the government, although it does not require that the government

19  intend to mislead a party." *Watkins*, 875 F.2d at 707 (internal citations omitted). "[A] plaintiff

20  must allege facts demonstrating or excusing compliance with the claim presentation requirement"

21  or the complaint will be subject to dismissal. *State of California v. Superior Ct.*, 90 P.3d 116, 122

22  (Cal. 2004).

23   Plaintiffs do not contest the fact that they did not timely comply with the claim

24  presentation requirement in the CGCA, as they never submitted a claim to the County. Rather,

25  Plaintiffs argue that Defendant Del Norte should be equitably estopped from raising the

26  presentation requirement as a defense. (*E.g.*, Dkt. 28 at 3.) Specifically, Plaintiffs argue that

27  Defendant Del Norte is estopped from asserting Plaintiffs' noncompliance because the County's

28  agents' "misrepresentations and concealment" led Plaintiffs to believe that their claims were

United States District Court
Northern District of California

4

1    applicable to the Yurok Tribe/Federal Government, with whom Plaintiffs timely filed their claims
2    in reliance on the County's representations. (Dkt. 28 at 10); *see also John R. v. Oakland Unified*
3    *Sch. Dist.*, 769 P.2d 948, 951 (Cal. 1989) ("It is well settled that a public entity may be estopped
4    from asserting the limitations of the claims statute where its agents or employees have prevented
5    or deterred the filing of a timely claim by some affirmative act.").

    The court finds that Plaintiffs' allegations regarding the County's misrepresentations are
insufficient to adequately allege that the County prevented Plaintiffs from filing a claim consistent
with CGCA requirements. Plaintiffs' only factual allegations surrounding the County's
misrepresentations are Plaintiffs' assertion that "[i]mmediately after the subject accident, [they]
contacted County officials," and the general allegation that the County's "agents and employees
affirmatively represented to Plaintiffs that the roadway was owned and maintained by the Tribe,
and that COUNTY had no responsibility." (FAC ¶ 9.) However, "[t]he fact that an employee at a
County office gave [Plaintiffs] incorrect information on its own does not establish the 'affirmative
misconduct going beyond mere negligence,' necessary to equitably estop the County from raising
the [CGCA] as a defense." *Bess v. Foy,* No. 5:19-CV-02012-EJD, 2020 WL 2086560, at *4 (N.D.
Cal. Apr. 30, 2020). More information is necessary to determine whether Plaintiffs have plausibly
stated an excuse based on estoppel. For example, courts have rejected claims of estoppel where a
plaintiff's attorney filed a claim with the incorrect recipient based on the advice of a hospital
records clerk,[1] where a county employee failed to forward a claim to the proper party or inform the
plaintiff that she had filed with the wrong recipient,[2] where a plaintiff mistakenly filed a claim
against a county instead of the county "hospital association" and the county failed to notify
plaintiff of the difference,[3] where a plaintiff's attorney relied on the city's incorrect assertion that
it was not responsible for a sidewalk and filed a claim against the wrong entity,[4] and where

---

[1] *Life v. Cnty. of Los Angeles,* 278 Cal. Rptr. 196, 201 (Cal. Ct. App. 1991) ("[I]t cannot be maintained that attorney Zuzga reasonably could rely on the advice of a medical records clerk to file a claim with the hospital's legal department, so as to estop the County.").
[2] *DiCampli-Mintz v. Cnty. of Santa Clara*, 289 P.3d 884 (2012).
[3] *Scott v. Cnty. of Kern,* No. 1:24-CV-00423-CDB, 2025 WL 3034085, at *6 (E.D. Cal. Oct. 30, 2025).
[4] *Jordan v. City of Sacramento*, 56 Cal. Rptr. 3d 641, 648–51 (Cal. Ct. App. 2007), *as modified* (Apr. 11, 2007) (holding that the law surrounding liability for sidewalk injuries was "neither arcane nor inaccessible" and the plaintiff's attorney had the knowledge and training to know that the city was responsible despite the

United States District Court
Northern District of California

plaintiffs mistakenly filed a claim against the wrong law enforcement agency, believing the officer to be a city employee rather than a county one.[5]

In the present case, there are no factual allegations regarding who was contacted at the County, when, how many times, what was said, or where the interaction occurred. Courts have consistently required plaintiffs to provide such details in their complaints in order to avoid dismissal. *See, e.g.*, *Bess*, 2020 WL 2086560, at *4 ("Ms. Bess does not allege who she spoke to, what that person said, or even that she was at the right location to file a complaint."); *Jefferson* 2013 WL 1747917 at *10 ("Nevertheless, there is insufficient information in the complaint as pled to make the second estoppel theory plausible. There are no allegations about what exactly Mr. Jefferson was told about the claim forms and by whom."). Thus, Plaintiffs have not adequately alleged "affirmative misconduct going beyond mere negligence" by the County to estop the County from raising noncompliance with the CGCA as a defense at this stage.

<u>Leave to Amend</u>

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be freely granted when justice so requires," as the purpose of the Rule is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Trial courts considering whether to grant leave to amend should consider bad faith, undue delay, prejudice to the opposing party, and futility. *In re Tracht Gut, LLC*, 836 F.3d 1146, 1152 (9th Cir. 2016). Here, there is no evidence of bad faith by Plaintiffs or prejudice to Defendant, there will be no undue delay, and Plaintiffs have stated enough information to suggest that amendment is not futile.[6] Given that leave to amend is to be liberally granted, the court will

---

city's incorrect representation that it was not liable, and thus the city was not estopped from asserting the plaintiff's failure to comply with the CGCA as a defense).

[5] *Audrey G. v. City of Lafayette*, No. 21-CV-03545-WHO, 2021 WL 5565839, at *6 (N.D. Cal. Nov. 29, 2021) (finding that a plaintiff is not entitled to equitable tolling "where a plaintiff misunderstands the parties' agency relationship and does not properly file.").

[6] Defendant Del Norte argues that Plaintiffs cannot successfully amend the FAC because they never filed a claim with the County after learning the County was responsible for the road—it contends that estoppel may extend the deadline for filing a complaint under the CGCA but may not excuse the failure to file any claim at all. (Def.'s Mot., Dkt. 27, at 7–9.) However, the California Supreme Court has held that "[i]t is settled that *the failure to file* the required claim, in the proper circumstances, may be excused and the governmental agency estopped from urging strict compliance with the statutory provisions." *Fredrichsen v. City of Lakewood*, 491 P.2d 805, 806 (Cal. 1971) (emphasis added). Courts have consistently allowed plaintiffs to

6

permit Plaintiffs to amend the Complaint.[7]

## CONCLUSION

Accordingly, the County's motion to dismiss is **GRANTED,** and the First Amended Complaint is **DISMISSED** with leave to amend. Plaintiffs shall have twenty-one (21) days from the entry of this Order to file an amended complaint.

**IT IS SO ORDERED.**

Dated: January 15, 2026

ROBERT M. ILLMAN
United States Magistrate Judge

---

assert estoppel in circumstances like this case, where the plaintiffs never filed a claim and instead amended their existing complaints in court to add the appropriate entity as a defendant. *See, e.g.*, *Fredrichsen*, 491 P.2d at 805–807 (plaintiff who was misinformed by the city clerk that the city was not responsible for a defective sidewalk could amend complaint despite CGCA noncompliance); *Santos v. Los Angeles Unified Sch. Dist.*, 226 Cal. Rptr. 3d 171 (Cal. Ct. App. 2017) (public entity was estopped from asserting noncompliance with claims presentation requirements where there was evidence that agents of that entity had both concealed the entity's involvement and affirmatively misrepresented the requirements to plaintiffs; plaintiffs never filed a claim but could move forward with amended complaint); *Jefferson*, 2013 WL 1747917, at *10 (granting leave to amend on estoppel issue where claim was never filed). *Cf Ard v. Cnty. of Contra Costa*, 112 Cal. Rptr. 2d 886, 888–89 (Cal. Ct. App. 2001) (finding that the California Government Code allows courts to waive claim presentation requirements so plaintiffs may file a lawsuit, but *not* so plaintiffs may file a late claim). Defendant Del Norte's reliance on *Ortega v. Pajaro Valley Unified Sch. Dist.*, 75 Cal. Rptr. 2d 777 (Cal. Ct. App. 1998), is unavailing. *Ortega* concerned whether the public entity's actions delayed the plaintiffs from filing a claim such that the statute of limitations was tolled and the untimeliness of their claims was excused—this is fundamentally different from the posture of this case, where Plaintiffs were already in court in pursuit of a claim against the wrong entity based on the defendant's alleged affirmative misrepresentations. Moreover, *Ortega* is a decision of a California Court of Appeal and is not controlling, particularly as the California Supreme Court and other Courts of Appeal have allowed similarly situated plaintiffs to amend their complaints against the proper entity in court without a prior administrative claim. As such, the court finds that Plaintiffs may successfully amend their complaint to allege the elements of estoppel without having filed a claim against the County.

[7] Because the court is dismissing the FAC, the court will not address Defendant's additional arguments that Plaintiffs failed to state a claim under California Government Code § 835 and that Claim-2 for negligence cannot be brought against the county under common law. Should Plaintiffs file an amended complaint to address the insufficiency of the estoppel allegations, they might consider whether there are other changes to be made that could cure these potential defects as well.