UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

SHANNON BATES, et al.,

        Plaintiffs,

    v.

COUNTY OF DEL NORTE,

        Defendant.

Case No.  25-cv-02604-RMI

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 34

Now pending before the court is the Motion to Dismiss the Second Amended Complaint ("SAC") filed by Defendant County of Del Norte ("Defendant Del Norte" or "County"). (Def's Mot., Dkt. 34.) Plaintiffs Shannon Bates ("Ms. Bates") and Grant Rickards ("Mr. Rickards") have responded. (Dkt. 35.) Defendant Del Norte filed its reply. (Dkt. 36.) For the reasons stated below, the Motion to Dismiss is GRANTED.

**PROCEEDURAL BACKGROUND**

Plaintiffs filed their initial Complaint in March of 2025 alleging two causes of action against the United States of America and the Bureau of Indian Affairs of the Department of Interior. (Compl., dkt. 1). Both causes of action were related to a motor vehicle accident on Minot Creek Road in Klamath, California and Plaintiffs asserted jurisdiction under the Federal Tort Claims Act ("FTCA") because the road at issue (the maintenance of which, or lack there of) was alleged to be under the control of the federally recognized Yurok Tribe. (*Id*. ¶¶ 1–17.) Thus, in support of the Complaint, Plaintiffs asserted timely compliance with the exhaustion requirements of the FTCA prior to filing suit. (*Id*.) Thereafter, Plaintiffs learned that the roadway at issue was not owned or controlled by the Yurok Tibe, but rather, by the County of Del Norte and as such

they sought and were granted leave to file a First Amended Complaint ("FAC") dismissing the United States and the Bureau of Indian Affairs of the Department of Interior and adding the County of Del Norte as the sole defendant. (*See* dkts. 19, 21, 23.) This time, as to the County, Plaintiffs asserted diversity jurisdiction. (FAC, dkt. 23 ¶ 4.) Furthermore, Plaintiffs claimed that "[b]y virtue of its misrepresentations and concealment, COUNTY is equitably estopped from asserting any defense based on noncompliance with the California Government Claims Act, including but not limited to the six-month claim-presentation requirement or the one-year outside limit for late-claim applications." *Id*.

The County disagreed and filed a Motion to Dismiss the FAC arguing that: (1) Plaintiffs failed to allege compliance with the claims-presentation requirements under the California Government Claims Act ("CGCA"), thereby barring their causes of action; (2) Plaintiffs did not properly plead the elements of estoppel; (3) estoppel, even if properly pleaded, did not excuse noncompliance with the CGCA; (4) Plaintiffs' Claim-1 failed to plausibly allege the necessary factual elements of a claim under California Government Code § 835; and (5) Plaintiffs' Claim-2 could not be brought against the County of Del Norte under common-law negligence. (Def's Mot., dkt. 27, at 4.) The court agreed and dismissed the case, finding: (1) that Plaintiffs had not complied with the claims presentation requirements of the CGCA and (2) that Plaintiffs' allegations regarding the County's misrepresentations were insufficient to adequately allege that the County prevented Plaintiffs from filing a claim consistent with CGCA requirements, such as to estop the County from raising noncompliance with the CGCA as a defense. (Order, dkt. 32 at 4–7). The court then gave Plaintiffs leave to amend to add facts to support the assertion of estoppel.

Plaintiffs then filed a Second Amended Complaint ("SAC"), prompting the pending Motion to Dismiss.

*Deficiencies in Plaintiffs' FAC*

In ruling on Defendant's initial motion to dismiss, this court outlined claims-presentation requirements under the CGCA as follows:

"In California, with certain exceptions not applicable here, 'no suit for money or damages

United States District Court
Northern District of California

may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon. . . .' Cal. Gov't Code § 945.4; *see also Jefferson v. City of Fremont*, No. C-12-0926, EMC, 2013 WL 1747917, at *7 (N.D. Cal. Apr. 23, 2013) . . . 'The filing of a claim is a condition precedent to the maintenance of any cause of action against the public entity and is therefore an element that a plaintiff is required to prove in order to prevail.' *DiCampli-Mintz v. Cnty. of Santa Clara*, 289 P.3d 884, 888 (Cal. 2012) (quoting *Del Real v. City of Riverside*, 115 Cal. Rptr. 2d 705, 709 (2002)) (emphasis in original)). For personal injury or property damage claims, plaintiffs must file an administrative claim form with the relevant government entity 'no more than six months after the cause of action accrues.' *Johnson v. Cnty. of Santa Clara*, No. 5:18-CV-06264-EJD, 2020 WL 870933, at *6 (N.D. Cal. Feb. 21, 2020) (citing Cal. Gov't Code §§ 905, 911.2, 945.4, 950–950).

(Order, dkt. 32 at 3–4.)

Applying these principles, and because Plaintiffs had conceded that they had failed to timely comply with the CGCA by presenting their claims against the County, this court focused on the sufficiency of Plaintiffs' arguments for estoppel against the County—specifically, whether Plaintiffs could estop the County from raising lack of timely compliance with the CGCA's claims-presentation requirements as a defense. The court first observed that, "Plaintiffs' only factual allegations surrounding the County's misrepresentations are Plaintiffs' assertion that '[i]mmediately after the subject accident, [they] contacted County officials,' and the general allegation that the County's 'agents and employees affirmatively represented to Plaintiffs that the roadway was owned and maintained by the Tribe, and that COUNTY had no responsibility.'" (*Id.* at 5.) The court then explained, however, that "[t]he fact that an employee at a County office gave [Plaintiffs] incorrect information on its own does not establish the 'affirmative misconduct going beyond mere negligence,' necessary to equitably estop the County from raising the [CGCA] as a defense." (*Id.*) The court required "[m]ore information" from Plaintiffs "to determine whether Plaintiffs have plausibly stated an excuse based on estoppel." (*Id.*) The court then listed examples of cases in which courts have rejected claims of estoppel—including cases in which "a plaintiff's attorney filed a claim with the incorrect recipient based on the advice of a hospital records clerk,[1]

---

[1] *Life v. Cnty. of Los Angeles*, 278 Cal. Rptr. 196, 201 (Cal. Ct. App. 1991) ("[I]t cannot be maintained that attorney Zuzga reasonably could rely on the advice of a medical records clerk to file a claim with the hospital's legal department, so as to estop the County.")

United States District Court
Northern District of California

where a county employee failed to forward a claim to the proper party or inform the plaintiff that she had filed with the wrong recipient,[2] where a plaintiff mistakenly filed a claim against a county instead of the county "hospital association" and the county failed to notify plaintiff of the difference,[3] where a plaintiff's attorney relied on the city's incorrect assertion that it was not responsible for a sidewalk and filed a claim against the wrong entity,[4] and where plaintiffs mistakenly filed a claim against the wrong law enforcement agency, believing the officer to be a city employee rather than a county one." Finally, the court explained that the FAC was completely devoid of "factual allegations regarding who was contacted at the County, when, how many times, what was said, or where the interaction occurred," and that "[c]ourts have consistently required plaintiffs to provide such details in their complaints in order to avoid dismissal." (*Id.* at 6.) Thus, the court concluded that Plaintiffs' allegations regarding the County's misrepresentations were "insufficient to adequately allege that the County prevented Plaintiffs from filing a claim consistent with CGCA requirements." (*Id.* at 5.)

*The new allegations in the SAC*

Plaintiffs again plead two causes of action in the SAC: one claim asserting that the County violated California Government Code § 835, under which a public entity is liable for injury caused by a dangerous condition, and one negligence claim. (SAC, dkt. 33 ¶¶ 56–65.) With respect to the facts surrounding Plaintiffs' contact with the County about the subject road, Plaintiffs allege the following facts:

> "15. To be sure of ownership, Plaintiffs' counsel's office called, via telephone, the Del Norte County Roads Division, Office of Heidi Kunstal, Community Development Department Director—the contact indicated on Del Norte County's website for the County Roads Division— at (707) 464-[REDACTED]. This call occurred on September 27, 2023,

[2] *DiCampli-Mintz v. Cnty. of Santa Clara*, 289 P.3d 884 (2012).

[3] *Scott v. Cnty. of Kern*, 2025 WL 3034085, at *6 (E.D. Cal. Oct. 30, 2025).

[4] *Jordan v. City of Sacramento*, 56 Cal. Rptr. 3d 641, 648–51 (Cal. Ct. App. 2007), *as modified* (Apr. 11, 2007) (holding that the law surrounding liability for sidewalk injuries was "neither arcane nor inaccessible" and the plaintiff's attorney had the knowledge and training to know that the city was responsible despite the city's incorrect representation that it was not liable, and thus the city was not estopped from asserting the plaintiff's failure to comply with the CGCA as a defense).

at 1:05 p.m.

16. To be certain that all information obtained on the call was applicable and correct, Plaintiffs listed the different spellings of "Minot" because it is spelled several different ways on different public websites. The woman answering on behalf of Del Norte County, County Roads Division, stated confidently that the COUNTY "do[es] not maintain Minot Creek Road." . . .

17. In reliance on these representations, and after confirming through available maps that the roadway appeared to be within tribal territory, Plaintiffs presented a timely claim to the Tribe and thereafter pursued litigation in good faith against the Tribe and the United States. . . .

22. Here, the publicly indicated representative of the County Roads Division made the affirmative misrepresentation that the County did not have responsibility for the subject road. This misrepresentation is egregious because the "Community Development Director" of the County "Roads Division" and their chosen representatives are or should be aware of the existence of a road the County is responsible for. Its misrepresentation was therefore affirmative. . . .

23. Additionally, injustice will occur because Plaintiffs were severely injured by the actions and inactions of the same government actors whose sworn duty is to protect citizens like Plaintiffs. It is iniquitous that injured persons such as Plaintiffs should receive such injurious and deceptive treatment at the hands of institutions whose very existence is intended to serve the citizenry.

24. And the public's interest will not suffer by the imposition of liability because the public's interest is served where severely injured citizens are made whole after destructive accidents on public property.

25. Further, Plaintiffs have met the Court's requirements regarding the "who, what, when" factors by showing they contacted the Community Development Department of the COUNTY Roads Division, who is or should be aware of the existence of a road the County is responsible for, and demonstrated the COUNTY's affirmative representation despite Plaintiffs providing the different spellings of the name of the road."

(SAC, dkt. 33 at ¶¶ 15–17, 22–25.)

*The Motion to Dismiss the SAC*

Defendant moves again for dismissal on the basis that Plaintiffs failed to comply with the CGCA and that Plaintiffs have no basis to claim estoppel because they never contacted the County regarding the road until after both the claims-presentation and late-filing periods under the CGCA had expired. Moreover, Defendants assert that even if Plaintiffs had timely sought to obtain information about the County's involvement with the road, Plaintiffs do not and cannot meet the

required elements to demonstrate estoppel—as they failed to plead facts supporting an excuse of estoppel, including the "who, what, when" and similar "elucidating factors" required to demonstrate estoppel. (Def's Mot., dkt. 34.) Plaintiffs, in their response, maintain that they properly plead estoppel in the SAC and in the alternative, that general principles of equity demand that their claims be permitted to proceed. (Dkt. 35 at 11–13.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to file a motion to dismiss for failing "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). To survive a motion to dismiss, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). In evaluating the motion, the court must assume the truth of all factual allegations and must "construe them in light most favorable to the nonmoving party." *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002).

As to the nature of dismissals, leave to amend should be granted unless it is clear that amendment would be futile because further amendments cannot remedy the defects in the complaint. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008) ("Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment."); *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005); *California ex rel. Cal. Dep't of Toxic Substances Control v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004) ("[D]enial of leave to amend is appropriate if the amendment would be futile.") (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**DISCUSSION**

*Plaintiffs' SAC Confirms that Plaintiffs' Claims are Time-Barred*

As stated above, timely compliance with the CGCA's claims-presentation requirements is a threshold requirement for Plaintiffs to bring their claims against the County. Cal. Gov. Code § 945.4; "'Timely claim presentation is not merely a procedural requirement, but is a condition precedent to plaintiff's maintaining an action against defendant, and thus an element of the

plaintiff's cause of action.'" *Johnson v. Cnty. of Santa Clara*, No. 5:18-cv-06264-EJD, 2020 WL 870933, at \*6 (N.D. Cal. Feb. 21, 2020) (quoting *A.M. v. Ventura Unified Sch. Dist.*, 208 Cal. Rptr. 3d 234, 238 (Ct. App. 2016), as modified (Oct. 19, 2016) (citations, quotations, and alterations omitted). Plaintiffs had six months to file their claim with the County under the California Code. *See Johnson*, No. 5:18-cv-06264-EJD, 2020 WL 870933, at \*6. Additionally, section 911.4 of the Government Code permits plaintiffs the opportunity to request leave to file a late claim "within a reasonable time" not to exceed "one year after the accrual of the cause of action." Cal. Gov. Code § 911.4.

Here, Plaintiffs allege that the accident occurred on September 3, 2022, and provide that counsel's call to the County (where they allegedly received misinformation) occurred on September 27, 2023. (SAC ¶¶ 15, 29.) This call occurred more than one-year following the accrual of the cause of action.[5] Thus, Plaintiffs fail to allege that they contacted the County prior to the expiration of the six-month claims-presentation period, or prior to the expiration of the one-year late-filing grace period. The issue here is not estoppel, but rather timeliness. It matters not what was said on the call (or who said it), because it was out of time and Plaintiffs' claims are properly dismissed because "[i]n federal court, the failure to allege facts that either demonstrate or excuse compliance with the California Tort Claims Act will subject a state law claim to dismissal." *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1152 (E.D. Cal. 2009); see *Johnson*, 2020 WL 870933, at \*6; *Bess v. Foy*, 2020 WL 2086560, at \*3 (N.D. Cal. Apr. 30, 2020) ("The California Supreme Court has held that 'a plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement' or the complaint will have failed to state a claim.")(citing *State of California v. Superior Court,* 13 Cal. Rptr. 3d 534 (Cal. Ct. App. 2004)).

*Equity Does Not Apply*

Plaintiffs argue that this court should apply "[e]quity" and the "equitable principles behind

---

[5] "The date of accrual of a cause of action marks the starting point for calculating the claims presentation period . . . The general rule is that a cause of action accrues when it is 'complete with all of its elements' . . . . Those elements are generically referred to by sets of terms such as 'wrongdoing' or 'wrongful conduct,' 'cause' or 'causation,' and 'harm' or 'injury' . . . ." *Garber v. City of Clovis*, 698 F. Supp. 2d 1204, 1212 (E.D. Cal. 2010) (internal citations and quotations omitted.) Here the injury was the date of the accident, which occurred on September 3, 2022.

United States District Court
Northern District of California

equitable estoppel" to relieve Plaintiffs of the hardships of "[r]igid" legal rules, citing to *Smith v. Davis*, 953 F.3d 582, 590 (9th Cir. 2020) and *Holland v. Fla.*, 560 U.S. 631, 650 (2010).  Both of these cases involved the one-year statute of limitations on petitions for federal habeas relief and not claims subject to CGCA requirements and are not applicable here.

As stated above, timely compliance with the CGCA is a prerequisite to filing suit and Plaintiffs' failure to allege facts that either demonstrate or excuse compliance requires dismissal. And because Plaintiffs' first contact with the County occurred outside of the claims presentation period, they can allege no facts establishing excuse. That Plaintiffs suffered injury from the accident, while unfortunate, does not relieve them of the statute's requirements or serve as a basis for a general application of equity to defeat the statute's requirements. What Plaintiffs seek here would render the statute's timeliness requirements meaningless and they have failed to show that equitable principles are at stake here. Thus, the court finds no basis for Plaintiffs' claim for relief under the general principles of equity.

### *Leave to Amend as Futile*

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be freely granted when justice so requires," as the purpose of the Rule is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Because Plaintiffs have already amended their complaint twice and because there is no amendment that could now cure the timeliness defect, amendment would be futile.

**CONCLUSION**

Accordingly, the County's Motion to Dismiss is GRANTED, and the Second Amended Complaint is DISMISSED with prejudice. A separate judgment will issue.

**IT IS SO ORDERED.**

Dated: May 8, 2026

ROBERT M. ILLMAN
United States Magistrate Judge

United States District Court
Northern District of California